UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AARON JORDAN** | CIVIL ACTION |
| VERSUS | NO: 21-1323 |
| **DOWNTOWN DEVELOPMENT DISTRICT et al.** | SECTION: "T" (4) |

## ORDER AND REASONS

Before the Court is a **Motion for Reconsideration (Rec. doc. 119)** filed by Defendant, Downtown Development District (DDD) seeking reconsideration of the Court's Order (Rec. Doc. 118) on the partial grant of the Amended Motion to Compel. The motion is unopposed.

**I.    Background**

On July 10, 2021, Plaintiff Aaron Jordan ("Jordan") filed a complaint naming as defendants Downtown Development District (DDD), City of New Orleans, Board of Commissioners of the Downtown Development District, Jurt Weigel, and Keith Davis, alleging racial discrimination in violation of Title VII. R. Doc. 1 at 1.

DDD hired Jordan, a white male, as a Public Safety Ranger in October 2018, employed him for four months, and ultimately terminated him after a series of increasingly violent physical altercations between him and the public. R. Doc. 105 at 1. Specifically, Jordan was terminated on February 25, 2019, for allegedly violating DDD policy by acting in a law enforcement capacity and for endangering the safety of himself and the public in three incidents not repeated here. *See id.* at 2. Jordan filed suit on July 10, 2021, alleging harassment, racial discrimination, retaliation, and wrongful termination. *See, e.g.*, R. Doc. 1 at 19-20, 28-29, 40-41.[1]

---

[1] The only remaining claims asserted against the DDD are the Title VII claims.

1

On June 7, 2023, Jordan propounded his first set of interrogatories and third set of requests for production of documents. R. Doc. 102 at 1. DDD did not respond by July 7, 2023, and on July 9, 2023, Jordan emailed counsel for DDD regarding outstanding discovery responses. *Id.* On July 10, 2023, counsel for DDD indicated to Jordan they were waiting on information from the DDD and expected to provide responses the following week. R. Doc. 105 at 3. Also on July 10, Jordan sent a "meet and confer" letter requesting a Rule 37 conference. *Id.* at 3; R. Doc. 102 at 2.

Jordan conducted the Rule 37 conference on July 13, 2023. R. Doc. 92-5. Counsel for DDD repeated that they were waiting on information from DDD and expected to provide responses the following week. R. Doc. 105 at 3. Jordan then filed a Motion to Compel (R. Doc. 92). DDD provided responses on July 21, 2023, which Jordan contends are deficient. *Id.* at 2. Jordan conducted another Rule 37 conference on July 25, 2023. DDD again supplemented its responses the same day to attempt to resolve Jordan's qualms. The Court thereafter denied Jordan's Motion to Compel as moot (Rec. Doc. 99).

Jordan thereafter in his Amended Motion to Compel (Rec. Doc. 102) challenged the sufficiency of six of DDD's supplemental responses as deficient. R. Doc. 102 at 3. Jordan took issue with DDD's initial and supplemental responses to Plaintiff's First Set of Interrogatories (Interrogatories) Nos. 3, 5, and 7, as well as Plaintiff's Third Set of Requests for Production of Documents (RFPs) Nos. 1, 3, and 5. *Id.* On September 11, 2023, the Court after considering the position of the parties and the law granted the motion as to Plaintiff's First Set of Interrogatory Nos.3, 5 and Plaintiff's Third Request for Production Nos. 1 and 3. The motion was denied as to Plaintiff's first Set of Interrogatory No. 7 and Plaintiff's Third Request for Production No. 5.

Now before the Court is a Motion for Reconsideration of the Order. DDD contends that the Court's Order did not reflect the submission of the defendant's supplemental responses to

2

Plaintiff's First Set of Interrogatories Nos. 3, 5 that were attached to their Opposition (Rec. Doc. 105-1). Therefore, DDD contends that the portion of the order requiring the production of Interrogatories Nos. 3, 5 should be reconsidered and clarified. R. doc. 119-1.

## II.     Standard of Review

Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[ ] at any time" "any order or other decision ... [that] does not end the action," Fed. R. Civ. P. 54(b). *Austin v. Kroger Texas, L.P.*, 864 F.3d 326 (5th Cir. 2017).

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, 37 F.3d 1069 (5th Cir. 1994)). Nonetheless, "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court . . . .'" *Id.* at 337 (quoting *Sant Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011)).

## III.    Analysis

DDD seeks a modification of the Court's order on the Amended Motion to Compel because their supplemental responses to Plaintiff's First Set of Interrogatories Nos. 3, 5 about Abron and Holden were attached to its opposition to the motion a See Rec. doc. 105-1. Jordan does not oppose the motion.

In review of the documents on the record, DDD is correct that it submitted a second supplemental response to Interrogatory 3,5  Rec. doc. 105-1. The response provides as follows: The DDD has made a more expansive search of its records including personnel files and has located

additional records pertaining to Abron and Holden. DDD proceeds to provide an explanation of events that occurred on May 19, 2018, January 10, 2019, and December 17, 2018.

In the prior ruling the Court noted that DDD's position was that it did not have a record of the dates of the events. However, before the Court ruled on the Amended Motion to Compel, DDD had already supplemented its responses to provide the dates as described above. The Court finds that DDD's position has merit and therefore modifies its order of September 11, 2023, to Deny the Plaintiff's Motion to the extent is seeks to compel further information regarding Plaintiff's First Set of Interrogatories Nos. 3 and 5 as to Abron and Holden.

### IV.     Conclusion

**IT IS ORDERED** that DDD's **Motion for Reconsideration (R. Doc. 119)**, is **GRANTED** for the reasons assigned above.

**IT IS FURTHER ORDERED** that the Order (R. Doc.118) is **AMENDED** to reflect that the Plaintiff's Motion is **DENIED** as to Plaintiff's First Set of Interrogatory Nos. 3 and 5.

New Orleans, Louisiana, this 26th day of January 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**